## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RONALD SATISH EMRIT,

               Plaintiff,

    v.

THE REPUBLIC OF CUBA; EMBASSY OF CUBA IN THE UNITED STATES; CUBAN INTELLIGENCE SERVICE; AND MINISTRY OF FOREIGN AFFAIRS,

               Defendants.

Civil Action No. 24-04707 (JXN) (JSA)

**MEMORANDUM**
**OPINION & ORDER**

**NEALS**, District Judge

      This matter comes before the Court upon *pro se* Plaintiff Ronald Satish Emrit's[1] ("Plaintiff") Complaint (ECF No. 1), and application to proceed *in forma pauperis* (the "IFP Application") pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 1-1). For the reasons set forth below, the Court will grant Plaintiff's IFP Application and dismiss the Complaint.

    **A.**    **Plaintiff's IFP Application**

      1.    Pursuant to 28 U.S.C. § 1915, the Court must carefully review the IFP Application, "and, if convinced that [Plaintiff] is unable to pay the court costs and filing fees, . . . grant leave to proceed *in forma pauperis.*" *Douris v. Middletown Twp.*, 293 F.App'x 130, 132 (3d Cir. 2008) (citation omitted). Having reviewed Plaintiff's IFP Application, the Court finds leave to proceed without prepayment of fees and costs is warranted, and the IFP Application will be granted.

---

[1] Plaintiff also refers to himself as Presidential Candidate Number P60005535 & Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America. (Compl. at *1.)

**B.**    **Plaintiff's Complaint**

2.    Plaintiff filed this action against the Republic of Cuba, the Embassy of Cuba in the United States, the Cuban Intelligence Services, and the Ministry of Foreign Affairs (collectively "Defendants") on April 9, 2024. (*See* Complaint ("Compl.") ¶¶ 6-9, ECF No. 1). In his Complaint, Plaintiff asserts thirteen claims[2] on behalf of two Cuban nationals he wished to marry, Rachel Berreiro Garcia, in 1999, and "political prisoner," Magna Gargallo Perez, in 2009, and/or Cuban citizens generally for alleged wrongdoings of the Cuban government. (*See generally* Compl.)[3] Plaintiff is seeking a judgment of $45,000,000 and an injunction requiring the Cuban government to convert to a democratic system and a capitalistic or laissez/fair economy. (*See* Compl. at *12-13.)[4]

**a. Venue**

3.    While Plaintiff alleges jurisdiction in this venue is proper "pursuant to 28 U.S.C.A. Sections 1391 and 1400" (Compl. ¶ 16), venue does not appear to be in the District of New Jersey. A civil action may be commenced in a judicial district in which (1) "any defendant resides"; (2) where "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if

---

[2] The thirteen causes of action in Plaintiff's Complaint include false imprisonment through transferred intent (Count One); Trespass (Count Two); trespass to chattels (Count Three); conversion (Count Four); intentional infliction of emotional distress (Count Five); products liability (Count Six); breach of implied warranty of merchantability (Count Seven); breach of implied warranty of fitness for a particular purpose (count eight); abnormally dangerous activity (Count Nine); strict liability for wild animals (Count Ten); tortious interference with family relations (Count Eleven); tortious interference with business relations (Count Twelve); public nuisance (Count Thirteen). (*See* Compl. ¶¶ 25-58.)

[3] For example, Plaintiff alleges the Cuban government: "imprison[ed ] the plaintiff's romantic interest Magna Gargallo Perez for trying to practice Christianity[]" (Compl. ¶ 26); "trespassed on the lands and especially sugar plantations of many Cuban Americans who fled in exile to Southern Florida" (Compl. ¶ 32); "mismanage[d ] abnormally dangerous animals such as mosquitos [] and caymans, and Burmese pythons or anacondas which pose a significant risk to American travelers" (Compl. ¶ 53); "created a public nuisance by essentially inviting Americans and Canadians to enter their country for vacation purposes to circumvent an embargo in place without first respecting the human rights concerns of Cuban citizens who have been negatively affected [] by the implementation of a Communist government and socialist economy…." (Compl. ¶ 58.)

[4] Pin-cites preceded by asterisks refer to the pagination atop the CM/ECF header.

neither of the foregoing provisions applies, in a district in which 'any defendant is subject to the court's personal jurisdiction.'" *Blanding v. Walmart, Inc.*, No. CV 23-3303 (RMB/EAP), 2023 WL 11228068, at *1 (D.N.J. Dec. 11, 2023) (summarizing the statutory venue requirements of 28 U.S.C. § 1391(b)). A court may *sua sponte* raise considerations of venue. *Bent Glass Design v. Sciensstry, Inc.,* No. 13-4282, 2014 WL 550548, at *6 (E.D. Pa. Feb. 12, 2014) ("[W]hile venue is initially reliant on a plaintiff's preference as reflected in the pleadings, a district court may upon motion or *sua sponte* dismiss or transfer a civil action to any other district in the interest of justice and/or for the convenience of parties and witnesses.").

4.      Here, Plaintiff does not make a colorable claim that venue lies in the District of New Jersey. Plaintiff states that he is a resident of Florida and Maryland.[5] (*See* Compl. ¶ 13.) Plaintiff does not allege that any named Defendant resides in New Jersey; there is no indication that any event he describes occurred here;[6] and there is no suggestion that this Court could exercise personal jurisdiction over any named Defendant.[7] As a result, the Court concludes that Plaintiff's Complaint fails to establish proper venue under 28 U.S.C. § 1391(b).[8] However, because this Court

---

[5] In the Complaint, Plaintiff asserts that he spends half of the year in each location and has provided a mailing address in both states. (*See* Compl. ¶ 5, p. *14.)

[6] For example, Counts One, Five, and Eleven of Plaintiff's Complaint are made on behalf of Plaintiff's past romantic interest, a political prisoner in Cuba. (*See* Compl. ¶¶ 26, 40-41, 54.) Counts Two through Four are made on behalf of Cuban Americans for the alleged harm Defendants have inflicted on the land and sugar plantations in Cuba. (*See* Compl. ¶¶ 31-39.) Counts Six through Eight discuss Cuban cigars circumventing the United States without establishing a factual and relevant connection to New Jersey. (*See* Compl. ¶¶ 42-49.) Counts Nine, Ten, and Twelve fail to establish any relevant ties to New Jersey overall. (*See* Compl. ¶¶ 52, 53, 56.) Lastly, Count Thirteen raises an alleged harm due to Americans and Canadians entering Cuba for vacation. (*See* Compl. ¶ 58.) Additionally, Plaintiff has acknowledged that Defendants are not residents of the United States on the Civil Cover Sheet (*See* ECF No. 1-3.)

[7] Plaintiff's only assertion about jurisdiction concerns an alleged nexus between Defendants' "political and economic policies" and "the state of Delaware and the other 49 states[.]" (Compl. at *13.)

[8] Because the Complaint is subject to dismissal, the Court has not considered whether subject matter jurisdiction is present in this case or whether Plaintiff has standing.

finds that transferring this case to another district or venue would not be in the interest of justice,[9]

the Court will instead dismiss the case on statutory screening for the following reasons.

### b. Screening of Plaintiff's Complaint

5.    Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must screen Plaintiff's Complaint

for *sua sponte* dismissal prior to service, and dismiss any claim that is frivolous, malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

is immune from such relief. "The legal standard for dismissing a complaint for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122

(3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

6.    Plaintiff is the only named plaintiff in the Complaint. To the extent that he seeks to

assert claims on behalf of Rachel Berreiro Garcia, Magna Gargallo Perez, or Cuban citizens

generally based on the acts or omissions of Defendants, those claims cannot proceed. As a non-

attorney, Plaintiff may not act as an attorney for other individuals and may only represent himself

in this Court. 28 U.S.C. § 1654; *see also Walthour v. Child & Youth Servs.*, 728 F. 2 Supp. 2d 628,

630 n.1 (E.D. Pa. 2010) ("[A]lthough an individual is entitled to represent himself *pro se*, he may

not act as an attorney on behalf of others in federal court."). Further, to the extent that Plaintiff is

asserting that he was damaged by the experiences of Rachel Berreiro Garcia, Magna Gargallo

Perez, or other Cuban citizens, he has failed to plead any factual allegations in support of the same.

---

[9] The Court notes that Plaintiff filed a similar lawsuit against Defendants in the District Court of South Carolina. *See Emrit v. Republic of Cuba*, No. 3:24-CV-01738-DCC, 2024 WL 2745560, at *2 (D.S.C. May 29, 2024), *aff'd sub nom. Presidential Candidate No. P60005535 v. Republic of Cuba*, No. 24-1532, 2024 WL 3983960 (4th Cir. Aug. 29, 2024) (summarily dismissing the action). Further, it appears that Plaintiff filed in the District of New Jersey with the expectation that this case would be transferred to another venue. Plaintiff requests that if the District Court of Delaware decides that they do not have jurisdiction to preside over [the] case involving the 'Cuban defendants" because more expansive international law concerns" that this case be transferred to the International Court of Justice. (Compl at *14.)

*See* Fed. R. Civ. P. 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). This case will be dismissed as frivolous and for failure to state a claim. The Court finds that an amendment would be futile. Accordingly, for the foregoing reasons and good cause appearing,

**IT IS** on this 10<u>th</u> day of March 2025,

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-1) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B); it is further

**ORDERED** that leave to amend is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order to Plaintiff via certified and regular mail and **CLOSE** this matter.

HONORABLE JULIEN XAVIER NEALS
United States District Judge